**Troy Greenfield**, OSB #892534
Email: tgreenfield@schwabe.com
**Alex I. Poust,** OSB #925155
Email: apoust@schwabe.com
**Lawrence R. Ream** (Admitted *Pro Hac Vice)*
Email: lream@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711
Facsimile: 206.292.0460

Attorneys for Receiver and Receivership Entity

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. 3:20-cr-00228-SI |
| v. | |
| **ROBERT J. JESENIK, N. SCOTT GILLIS, ANDREW N. MACRITCHIE, BRIAN K. RICE,** | RECEIVER'S MOTION TO INTERVENE FOR LIMITED PURPOSES, MOTION TO EXPAND THE SCOPE OF THE PROTECTIVE ORDER, AND MOTION TO CLAW BACK PRIVILEGED DOCUMENTS |
| Defendants. | |

## I.     CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7-1

In compliance with Local Rule 7-1, counsel for the Court-appointed Receiver and the

Receivership Entity, in the matter captioned *SEC v. Aequitas Management, LLC, et al.*, 3:16-

CV-00438-JR, currently pending in the U.S. District Court for the District of Oregon

(hereinafter, the "Receiver"), certify that, on October 6, 2020, they conferred in good faith by

telephone conference with counsel for the parties to this action.  Subsequently, counsel for the

Receiver communicated with all counsel by email, advising of the Receiver's intent to file this

motion.  At the request of counsel for Defendants, the Receiver refrained from filing the motion

Page 1 -    RECEIVER'S MOTION TO INTERVENE FOR LIMITED
PURPOSES, MOTION TO EXPAND THE SCOPE OF
THE PROTECTIVE ORDER, AND MOTION TO CLAW
BACK PRIVILEGED DOCUMENTS

PDX\129912\215141\ESF\29079774.3

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax:503-796-2900

to allow for further engagement on the issues. At the request of counsel for Defendants, the Receiver responded to numerous questions regarding the Government's inadvertent access to a portion of the consolidated database containing privileged communications. At the conclusion of that October 30, 2020 written communication, the Receiver asked the Defendants to articulate any argument as to how documents created and/or transmitted by email after his appointment could have any bearing on the subject criminal matter, particularly keeping in mind that any findings by the Receiver and his team relating to parties named in this criminal proceeding, together with references to all supporting facts and documents, are set forth in the Receiver's forensic report. To date, the Defendants have not responded to that request. The assistance of the Court is necessary to resolve the issues presented in this motion.

## II.    **MOTION**

The Receiver respectfully moves to intervene in the above captioned matter, for the limited purposes set forth below.

The Receiver further moves to amend the Protective Order entered on or about September 16, 2020 ("Protective Order")[1] to (1) expand the scope of protected information to include computer system passwords, server and network device logs, system configuration data, delimited data sets, project management documents and encryption keys ("Sensitive Aequitas IT Information") and (2) increase the measures taken when unredacted discovery material is shown to potential witnesses.  A redline version of the Protective Order containing the requested amendments is attached to the Declaration of Troy Greenfield submitted with this motion.

---

[1] Docket No. 50.

Page 2 -    RECEIVER'S MOTION TO INTERVENE FOR LIMITED
PURPOSES, MOTION TO EXPAND THE SCOPE OF
THE PROTECTIVE ORDER, AND MOTION TO CLAW
BACK PRIVILEGED DOCUMENTS

PDX\129912\215141\ESF\29079774.3

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax:503-796-2900

Finally, the Receiver moves the Court for an order requiring the parties to this action to destroy or return all documents containing privileged communications, to which the Government was inadvertently granted access, regardless of whether those documents were later produced to any of the Defendants.

This motion is supported by the Declaration of Receiver Ronald F. Greenspan ("Receiver's Decl."), the Declaration of Troy Greenfield ("Greenfield Decl."), as well as the following points and authorities.

### III.     POINTS AND AUTHORITIES

### A.     STATEMENT OF RELEVANT FACTS

At the outset of the Aequitas Receivership, the Receiver and his team assembled a consolidated database for use by all civil and criminal litigants, with the goals of (1) providing access to documents in the care, custody or control of the various corporate entities comprising the Receivership Entity[2] immediately prior to initiation of the Receivership and (2) limiting unnecessary administrative expense associated with responding to numerous discovery requests which would deplete the funds available to be distributed to defrauded Aequitas investors. (Receiver's Decl. ¶ 2).

Two discrete consolidated database files are at issue in this motion. The first (referred to herein as "File A") is a file comprised of documents containing personal identifying information and personal health information (collectively referred to as "Private Information" in the Protective

---

[2] Individually and collectively, Aequitas Management, LLC, Aequitas Holdings, LLC, Aequitas Commercial Finance, LLC, Aequitas Capital Management, Inc., Aequitas Investment Management, LLC and each of their 43 subsidiaries and/or majority-owned affiliates, as set forth on Exhibit A of the Order Appointing Receiver (Dkt. No. 156) entered  in the matter captioned *SEC v. Aequitas Management, LLC, et al.*, 3:16-CV-00438-JR.

Page 3 -     RECEIVER'S MOTION TO INTERVENE FOR LIMITED PURPOSES, MOTION TO EXPAND THE SCOPE OF THE PROTECTIVE ORDER, AND MOTION TO CLAW BACK PRIVILEGED DOCUMENTS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax:503-796-2900

Order), various forms of private financial information (collectively referred to as "Financial Information" in the Protective Order"), as well as computer system passwords, server and network device logs, system configuration data, delimited data sets, project management documents and encryption keys (collectively "Sensitive Aequitas IT Information") identified by information technology employees of Aequitas who were retained following appointment of the Receiver. The Government[3] was knowingly granted access to File A, with the assumptions that none of the documents would ever be considered relevant or even likely to lead to the discovery of relevant evidence in any civil or criminal proceeding and, accordingly, the Government would not disclose those documents to any other parties. (Receiver's Decl. ¶ 3). In light of the fact the Government was knowingly granted access to File A, the Receiver does not seek to claw back any documents from File A that may have been downloaded by the Government and subsequently produced to the Defendants in this matter. The contents of File A are the subject of the Receiver's request for limited amendments to the Protective Order.

The second file at issue (referred to herein as "File B") is comprised of documents created and/or transmitted between March 16, 2016 and March 6, 2017. Among other documents created and/or transmitted after appointment of the Receiver, File B contains email communication by and between the Receiver (as well as his appointed non-legal representatives) and the attorneys engaged by the Receiver and approved by the Court to serve the Receiver and the Receivership Entity. (Receiver's Decl. ¶ 4). To the best of the Receiver's knowledge, File B was inadvertently created within the consolidated database as a result of operation of a computer program or protocol

---

[3] As used herein, "Government" in intended to apply to the U.S. Attorney's Office, IRS and FBI.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax:503-796-2900

utilized by FTI Technology, the third-party vendor contracted by the Receiver in accordance with the provisions of the Order Appointing Receiver[4] to create and manage the database (FTI Tech). Specifically, it captured email exchanged between March 16, 2016 and March 6, 2017 that included an aequitas.com email address.  (Receiver's Decl. ¶ 5).  At no time did the Receiver intend to include documents created after his appointment in the consolidated database made available to litigants.  (Receiver's Decl. ¶ 6).

When FTI Tech ultimately recognized that documents created after appointment of the Receiver were included in the database, a representative advised the Receiver and his team of the error.  (Receiver's Decl. ¶ 7).  Neither the Receiver nor any member of the Receiver's team understood this communication to mean that the Government had previously been granted access to documents created after appointment of the Receiver.  Rather, the Receiver and his team believed the access restrictions they intended to have put in place at that time would govern all future access of third parties.  (Receiver's Decl. ¶ 8).  FTI Tech created a database subset file – File B – and was instructed to deny access to all third parties.  (Receiver's Decl. ¶ 9).  Imbedded in an email responding to the instructions to deny access to File B, a representative of FTI Tech inquired whether the direction to deny access to all third parties included representatives of the Government.  (Receiver's Decl. ¶ 10).  None of the recipients of the email noticed or responded to the inquiry.  (Receiver's Decl. ¶ 11).  Without inquiring further and unbeknownst to the Receiver and his team, FTI Tech granted the Government access to File B.  (Receiver's Decl. ¶ 12).

After the indictment charging Messrs. Jesenik, MacRitchie, and Rice (as well as the

---

[4] Dkt. No. 156, in the matter captioned *SEC v. Aequitas Management, LLC, et al.*, 3:16-CV-00438-JR)

Page 5 -    RECEIVER'S MOTION TO INTERVENE FOR LIMITED
            PURPOSES, MOTION TO EXPAND THE SCOPE OF
            THE PROTECTIVE ORDER, AND MOTION TO CLAW
            BACK PRIVILEGED DOCUMENTS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax:503-796-2900

PDX\129912\215141\ESF\29079774.3

previously indicted Mr. Gillis) was unsealed, the Government inquired regarding securing access to the consolidated database for the Defendants.  Counsel for all four had previously been granted access.  (Greenfield Decl. ¶ 2).  In fact, previous counsel for Mr. Jesenik was granted access in January of 2018.  (Greenfield Decl. ¶ 3).  In the same August 25, 2020 email communication, the Government asked whether the Receiver could determine whether the Government had accessed any documents in the database to which any of the Defendants had been denied access, and requested that any be made available to the Defendants "barring some objection of the Receiver." (Greenfield Decl. ¶ 4).  In response, counsel for the Receiver advised that FTI Tech had never before shared information regarding which documents had been viewed by any of the parties afforded access to the database.  (Greenfield Decl. ¶ 5).

While the Receiver's counsel was working with FTI Tech seeking to determine whether it is possible to identify documents accessed in the database by any party in this matter, the Government and counsel for the Defendants began communicating regarding a protective order. (Greenfield Decl. ¶ 6).  Counsel for the Receiver requested that the protective order include greater safeguards for the information contained in File A than were ultimately included in the Order. (Greenfield Decl. ¶ 7).

The Government was made aware that it was inadvertently granted access to File B. (Greenfield Decl. ¶ 8).  On or about August 31, 2020, all parties to this matter were restricted from access to Files A and B.  (Greenfield Decl. ¶ 9).  On September 10, 2020, some period of time after it made a discovery production to counsel for Defendants Jesenik and Gillis, the Government first advised counsel for the Receiver of the production.  (Greenfield Decl. ¶ 10).  In accordance

Page 6 -    RECEIVER'S MOTION TO INTERVENE FOR LIMITED
PURPOSES, MOTION TO EXPAND THE SCOPE OF
THE PROTECTIVE ORDER, AND MOTION TO CLAW
BACK PRIVILEGED DOCUMENTS

PDX\129912\215141\ESF\29079774.3

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax:503-796-2900

with Federal Rule of Evidence 502[5] and Federal Rule of Civil Procedure 26(b)(5)(B),[6] counsel for the Receiver then issued a notice of inadvertent disclosure to counsel for Defendants Jesenik and Gillis as well as the Government. (Greenfield Decl. ¶ 11 and Ex. 1).  At that time, the Receiver did not know whether any privileged communications were included in the Government's production and requested that any privileged communications recognized by counsel for any party be destroyed or returned to the Receiver pending further order of the Court.  Thereafter, the Government advised that it had made a discovery production to counsel for Defendant Rice. (Greenfield Decl. ¶ 12).  Counsel for the Receiver then issued the same notice of inadvertent disclosure to counsel for Defendant Rice and the Government.  (Greenfield Decl. ¶ 13 and Ex. 2).

After the Receiver's counsel issued notice of inadvertent disclosure, the Receiver continued efforts to determine what had actually been accessed, downloaded and ultimately produced by the Government.  (Greenfield Decl. ¶ 14).  On September 17, 2020, the Government

---

[5]  USCS Fed. Rules Evid. R 502(b)(1)-(3) provides that "[w]hen made in a federal proceeding or to a federal office or agency, the disclosure does not operate as a waiver in a federal or state proceeding if:

(1) the disclosure is inadvertent;

(2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and

(3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B)."

[6]  USCS Fed. Rules Civ. Proc. R 26(b)(5)(B) provides that "[i]f information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved."

Page 7 -    RECEIVER'S MOTION TO INTERVENE FOR LIMITED
PURPOSES, MOTION TO EXPAND THE SCOPE OF
THE PROTECTIVE ORDER, AND MOTION TO CLAW
BACK PRIVILEGED DOCUMENTS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax:503-796-2900

PDX\129912\215141\ESF\29079774.3

provided an index with MD5 hash values and the corresponding production Bates numbers. (Greenfield Decl. ¶ 15).  With that data and logical search terms, FTI Tech concluded that the Government's production contains over 1000 documents deemed likely privileged, largely comprised of email communication and attachments ("Likely Privileged Documents"). (Greenfield Decl. ¶ 16).

As reflected in an email to all counsel and Ms. Austad, during a September 28, 2020 status conference, the Government generally advised this Court of the issues now addressed in this motion.  Counsel were then directed to confer in an effort to resolve these issues. If no agreement could be reached, the Court requested that the Receiver "file a motion in the criminal case . . . for whatever relief the Receiver requests." (Greenfield Decl. ¶ 17).  As the Court requested and as set forth in the Certificate of Compliance above, the parties first met and conferred on October 6, 2020 but were unable to reach an agreement. Subsequently, the Receiver advised all counsel of his intent to file this motion.  At the request of counsel for Defendants, the Receiver refrained from filing the motion to allow for further engagement on the issues. At the request of counsel for Defendants, the Receiver responded to numerous questions regarding the Government's inadvertent access to a portion of the consolidated database containing privileged communications. At the conclusion of that October 30, 2020 written communication, the Receiver asked the Defendants to articulate any argument as to how documents created and/or transmitted by email after his appointment could have any bearing on the subject criminal matter, particularly keeping in mind that any findings by the Receiver and his team relating to parties named in this criminal proceeding, together with references to all supporting facts and documents, are set forth in the Receiver's forensic report. To date, the Defendants have not responded to that request.

Page 8 -    RECEIVER'S MOTION TO INTERVENE FOR LIMITED PURPOSES, MOTION TO EXPAND THE SCOPE OF THE PROTECTIVE ORDER, AND MOTION TO CLAW BACK PRIVILEGED DOCUMENTS

PDX\129912\215141\ESF\29079774.3

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax:503-796-2900

At no time did the Receiver ever intend to waive the privilege afforded communications with his counsel. (Receiver's Decl. ¶ 13). To the contrary, the Receiver is charged with marshalling the assets of the Receivership Estate, including claims against various parties many of which have not yet been litigated, for the ultimate benefit of defrauded Aequitas investors. (Receiver's Decl. ¶ 14). An abrogation of the attorney-client privilege would undermine the Receiver's efforts to maximize the recoveries of the defrauded Aequitas investors, the very same investors the Government alleges were harmed by the acts of Defendants. (Receiver's Decl. ¶ 14). One would think that Defendants would support the efforts of the Court-appointed Receiver to maximize the recoveries of the investors as opposed to seeking the production of privileged communications that are immaterial to the defense as well as the Government's case-in-chief.

### B.    MOTION TO INTERVENE

The Receiver respectfully moves the Court pursuant to Federal Rule of Civil Procedure 24(a) and (b), to intervene in the above-captioned case, solely for the limited purposes of amending the Protective Order and securing the return or destruction of inadvertently disclosed privileged communications.

### C.    MOTION TO AMEND PROTECTIVE ORDER

#### 1.    Adding Sensitive Aequitas IT Information

The Receiver moves the Court for an order amending the Protective Order, to include Sensitive Aequitas IT Information in addition to the Private Information and Financial Information already protected. The types of information the Receiver seeks are prized by cyber criminals. (Receiver's Decl. ¶ 16). Should this information fall into the wrong hands, the results could be devastating. Simply inserting the description of additional protected documents would not cause the parties to this action any material hardship.

Page 9 -    RECEIVER'S MOTION TO INTERVENE FOR LIMITED PURPOSES, MOTION TO EXPAND THE SCOPE OF THE PROTECTIVE ORDER, AND MOTION TO CLAW BACK PRIVILEGED DOCUMENTS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax:503-796-2900

PDX\129912\215141\ESF\29079774.3

2.    <u>Redaction and other adequate protections</u>

The Protective Order currently provides for redaction of Private Information and Financial Information only before a document is "provided" to third parties. As it stands, such documents may be "shown" to potential witnesses, without redaction of Private Information or Financial Information.  Given the highly sensitive personal and corporate information at issue, including some protected by stringent regulations including HIPAA, the Receiver would greatly prefer that all Private Information, Financial Information and Sensitive Aequitas IT Information be redacted before any document from File A is shown to any third party.  The parties to this action resist that obligation.  In an effort to appropriately balance the interests, by this motion, the Receiver simply seeks to require all third parties to agree to be bound by the terms of the Protective Order and obligate the Government, Defendants and each of their representatives to take reasonable measures to assure potential witnesses shown the subject documents are not permitted to retain or copy the protected information.

**D.    MOTION TO CLAW BACK DOCUMENTS CONTAINING PRIVILEGED COMMUNICATIONS**

Finally, the Receiver moves the Court for an order requiring the parties to this action to destroy or return all documents containing privileged communications.  As addressed above, based on MD5 hash values and the corresponding production Bates numbers provided by the Government, the vendor managing the Receiver's consolidated database has concluded that the Government downloaded and produced over 1000 documents deemed likely privileged, largely comprised of email communication and attachments.  The Defendants and Government refuse to simply return or destroy the Likely Privileged Documents.  Accordingly, the Receiver seeks an order mandating that action. Conducting a thorough privilege review would be costly and deplete

Page 10 -    RECEIVER'S MOTION TO INTERVENE FOR LIMITED PURPOSES, MOTION TO EXPAND THE SCOPE OF THE PROTECTIVE ORDER, AND MOTION TO CLAW BACK PRIVILEGED DOCUMENTS

PDX\129912\215141\ESF\29079774.3

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax:503-796-2900

the assets of the Receivership Estate.  In the event the Court determines that a privilege review is

necessary, the Receiver requests a reasonable amount of time to review the documents produced

by the Government.

        1.     <u>Documents created after appointment of the Receiver are not</u>
             <u>relevant in this criminal matter.</u>

In recognition that civil and criminal litigants would benefit from ready access to

documents in the care, custody or control of the many Aequitas entities immediately prior to

initiation of the Receivership, the Receiver directed the creation of the consolidated database.

Obviously, many documents created prior to initiation of the Receivership are relevant in support

of civil claims, criminal charges and defenses. Documents created after appointment of the

Receiver, particularly any containing privileged communications between the Receiver and his

counsel, simply would have no bearing on the criminal charges against the Defendants or any

defenses they may present.

        2.     <u>The Government was not obligated to produce the documents</u>
             <u>containing the Receiver's privileged communications.</u>

The Government never was, and is not now, obligated to produce any of the documents

obtained from either File A or File B.  Pursuant to Federal Rule of Criminal Procedure 16

(a)(1)(E), the Government is required to produce documents (1) material to preparing the

defense; (2) the Government intends to use in its case-in-chief at trial; or (3) obtained from or

belonging to the Defendants. *See* FRCP 16(a)(1)(E)(i)-(iii).  Regardless of that standard, the

Receiver understands that the Government produced all documents it downloaded from File B.

        3.     <u>The inadvertent disclosure of privileged communications contained</u>
             <u>in File B documents did not waive the Receiver's attorney-client</u>
             <u>privilege.</u>

"Federal common law recognizes a privilege for communications between client and

Page 11 -   RECEIVER'S MOTION TO INTERVENE FOR LIMITED
              PURPOSES, MOTION TO EXPAND THE SCOPE OF
              THE PROTECTIVE ORDER, AND MOTION TO CLAW
              BACK PRIVILEGED DOCUMENTS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax:503-796-2900

attorney for the purpose of obtaining legal advice, provided such communications were intended to be confidential." *Gomez v. Vernon*, 255 F.3d 1118, 1131 (9th Cir. 2001). "The attorney-client privilege has been recognized as 'the oldest of the privileges for confidential communications known to the common law.'" *Id.* citing *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981).

"The privilege, however, is not absolute." *Id.* "The privilege may be waived by the client either implicitly, by placing privileged matters in controversy, or explicitly, by turning over privileged documents." *Id.* "Inadvertent disclosure can also result in a waiver of the privilege." *Id.* (internal citation omitted); *see also Relion, Inc. v. Hydra Fuel Cell Corp.*, 2008 U.S. Dist. LEXIS 98400, *4-5 (Dist. Ore. Dec. 4, 2008) (because attorney-client privilege is "strictly construed . . . it has been widely held that voluntary disclosure of the content of a privileged attorney communication constitutes waiver of the privilege as to all other such communications on the same subject") (internal citation omitted).

In the Ninth Circuit, "when there has been an involuntary disclosure, the privilege will be preserved if the privilege holder has made efforts 'reasonably designed' to protect the privilege." *Gomez*, 255 F.3d at 1131. This preservation of privilege is supported not only in case law, but in the language of Rule 502(b) of the Federal Rules of Evidence, which provides that an inadvertent disclosure does not constitute a waiver if the holder of the privilege took reasonable steps to prevent disclosure and promptly took reasonable steps to rectify the error. FRE 502(b)(1)-(3).

As with all evidentiary privileges, the burden of proving that the attorney-client privilege applies, and that the privilege has not been waived, rests with the party asserting the privilege. *See e.g. Weil v. Investment/Indicators, Research and Management, Inc.*, 647 F.2d

Page 12 -    RECEIVER'S MOTION TO INTERVENE FOR LIMITED
PURPOSES, MOTION TO EXPAND THE SCOPE OF
THE PROTECTIVE ORDER, AND MOTION TO CLAW
BACK PRIVILEGED DOCUMENTS

PDX\129912\215141\ESF\29079774.3

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax:503-796-2900

18, 25 (9th Cir. 1981). Whether the attorney-client privilege has been waived is a mixed question of fact and law. *United States v. de la Jara*, 973 F.2d 746, 749 (9th Cir. 1992).

Here, there was never an intent to by the Receiver to waive attorney-client privilege. (Receiver's Decl. ¶ 13). The disclosure was entirely inadvertent. Consequently, the Receiver seeks the return or destruction of those inadvertently disclosed, privileged documents downloaded by the Government, regardless of whether they were later produced to any of the Defendants.

4.    The Receiver took steps reasonably designed to protect the subject documents.

An Oregon court will not deem a privilege waived due to inadvertent disclosure so long as the privilege holder took steps "reasonably designed" to protect the privilege. *Id*. Further, "[w]hether disclosure is inadvertent and whether the holder of the privilege took reasonable steps turns on a variety of factors, including the number of documents and how they were reviewed prior to production." *Audubon Soc'y of Portland v. Zinke*, 2018 U.S. Dist. LEXIS 53570, *13 (D. Ore. March 27, 2018) (internal citation omitted).

It was never the intention of the Receiver to allow the Government to access any of File B (documents created after appointment of the Receiver) and certainly not the documents within File B that contain privileged attorney-client communications. Nevertheless, the Government was granted access as a result of miscommunications with a third-party vendor. (Receiver's Decl. ¶¶ 8-12). It was not until recently that the Receiver and his team became aware of the disclosure, at which time the Receiver's counsel promptly pursued all reasonable means of preserving the documents' confidentiality. (Greenfield Decl. ¶¶ 8-13). Those efforts include the present motion.

5.    Upon learning of the inadvertent disclosure, the Receiver pursued all reasonable means of preserving the documents' confidentiality

In addition to the reasonable steps taken by the Receiver to prevent disclosure, the Receiver

Page 13 -    RECEIVER'S MOTION TO INTERVENE FOR LIMITED PURPOSES, MOTION TO EXPAND THE SCOPE OF THE PROTECTIVE ORDER, AND MOTION TO CLAW BACK PRIVILEGED DOCUMENTS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax:503-796-2900

PDX\129912\215141\ESF\29079774.3

also took "reasonable steps to rectify the error" of an inadvertent disclosure *See e.g. Ironwood Homes v. Bowen*, 2010 U.S. Dist. LEXIS 161109, *7 (D. Ore. Dec. 6, 2010)[7] citing Federal Rule of Evidence 502(b); *see also Transamerica Computer Co., Inc. v. Int'l Bus. Mach. Corp.*, 573 F.2d 646, 650 (9th Cir. 1978) (after an involuntary or inadvertent disclosure, the holder of the privilege may still preserve it by making efforts that are reasonably designed to protect and preserve the privilege.)

A common consideration by courts is the timing of any claw back or claim of privilege. Even where there is some delay between disclosure and privilege claim, so long as the privilege holder sought to protect the documents promptly after discovering the production, the privilege is not waived. *See Arnett v. Bank of Am., N.A.*, 2013 U.S. Dist. LEXIS 203224, *11 (D. Ore. Mar. 29, 2013) (finding privilege was not waived after a four-month delay between production and claw back where privilege holder "sought protection for the document reasonably promptly after discovering its production."); *see also Ironwood*, 2010 U.S. Dist. LEXIS 161109 at *4 (waiver was not found where an opposing party was notified of the inadvertent disclosure "immediately" or "promptly"); *Audubon Soc'y of Portland*, 2018 U.S. Dist. LEXIS 53570 at *13.

Here, the Receiver's counsel promptly informed the Government of its inadvertent access to File B. (Greenfield Decl. ¶ 8). On or about August 31, 2020, access to File B was restricted for all parties. (Greenfield Decl. ¶ 9). Upon learning that the Government had produced documents from File B to counsel for Defendants – which the Receiver maintains the Government was never obligated to do – the Receiver's counsel contacted Defendants' counsel and invoked FRE 502 and

---

[7] In *Ironwood*, the court considered the waiver argument upon Plaintiff's filing a Motion to Compel disclosure of privileged letters after the privilege holder had notified Plaintiff of the disclosure, including a claw back. The Court denied Plaintiff's motion.

Page 14 - RECEIVER'S MOTION TO INTERVENE FOR LIMITED PURPOSES, MOTION TO EXPAND THE SCOPE OF THE PROTECTIVE ORDER, AND MOTION TO CLAW BACK PRIVILEGED DOCUMENTS

PDX\129912\215141\ESF\29079774.3

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax:503-796-2900

FRCP 26(b)(5)(B) to claw back the documents. (Greenfield Decl. ¶¶ 10-14 and Exs. 1-2). All reasonable means have been and continue to be pursued to protect the information in these inadvertently disclosed documents.

      6.    <u>The Government and Defendants have an obligation to refrain from using or further disclosing the privileged communications contained in documents derived from File B until a definitive resolution is obtained from this Court.</u>

In this instance, and because the parties were unable to come to an agreement without involving this Court, it is important to remind the Defendants as well as the Government of their obligations to the Receiver, the Receivership Estate and, indirectly, the many defrauded Aequitas investors, as all parties are now aware – and have been for some time – that the documents at issue were inadvertently disclosed and are privileged.

The ethical dilemma facing a party receiving privileged documents has resulted in multiple formal opinions being issued by the American Bar Association Standing Committee on Ethics and Professional Responsibility. A 1992 opinion stated that "[a] lawyer who receives materials that on their face appear to be subject to the attorney-client privilege or otherwise confidential, under circumstances where it is clear that they were not intended for the receiving lawyer, should refrain from examining the materials, notify the sending lawyer and abide the instructions of the lawyer who sent them." ABA Comm. on Ethics and Prof'l Responsibility, Formal Op. 368 (1992) *cited by Gomez*, 255 F3d at 1132.

Just two years later, the Committee expanded on the obligations of a lawyer receiving privileged material, stating that "[a] lawyer who receives on an unauthorized basis materials of an adverse party that she knows to be privileged or confidential . . . *should either follow instructions of the adversary's lawyer with respect to the disposition of the materials, or refrain from using the*

Page 15 -   RECEIVER'S MOTION TO INTERVENE FOR LIMITED PURPOSES, MOTION TO EXPAND THE SCOPE OF THE PROTECTIVE ORDER, AND MOTION TO CLAW BACK PRIVILEGED DOCUMENTS

PDX\129912\215141\ESF\29079774.3

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax:503-796-2900

*materials until a definitive resolution of the proper disposition of the materials is obtained from a court*." ABA Comm. on Ethics and Prof'l Responsibility, Formal Op. 382 (1994) (emphasis added) *cited by Gomez*, 255 F3d at 1132.

As such, the Government and Defendants are obligated to refrain from using or further disclosing the privileged communications contained in documents from File B until the Court rules on the Receiver's motion.

## IV.  <u>CONCLUSION</u>

The Receiver has worked tirelessly to protect the interests of those defrauded as part of the Aequitas Ponzi scheme. It always was, and remains, the Receiver's intention to maintain the confidentially of privileged communications with his counsel.  The Receiver acted reasonably to protect documents containing privileged communications from the outset of the Receivership and, upon learning of the inadvertent disclosure, promptly took steps to regain control of the documents.

In furtherance of those efforts, the Receiver respectfully requests the Court grant the motion to intervene, the motion to amend the Protective Order to (1) expand the scope of protected information to include Sensitive Aequitas IT Information and (2) increase the measures taken when unredacted discovery material is shown to potential witnesses, and finally, to grant

/ / /

/ / /

/ / /

/ / /

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax:503-796-2900

PDX\129912\215141\ESF\29079774.3

the Receiver's motion to claw back privileged documents to which the Government was inadvertently granted access.

Dated this 13th day of November, 2020.

Respectfully submitted,

SCHWABE, WILLIAMSON & WYATT, P.C.


By:      /s/ Troy D. Greenfield
         Troy D. Greenfield, OSB #892534
         tgreenfield@schwabe.com
         Alex I. Poust, OSB #925155
         apoust@schwabe.com
         Lawrence R. Ream (Admitted *Pro Hac Vice*)
         lream@schwabe.com
         Telephone: 503.222.9981
         Facsimile: 503.796.2900


         Attorneys for the Receiver and Receivership
         Entity

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax:503-796-2900
PDX\129912\215141\ESF\29079774.3