SCOTT ERIK ASPHAUG, OSB #833674
Acting United States Attorney
District of Oregon
**SCOTT E. BRADFORD, OSB #062824**
Scott.Bradford@usdoj.gov
**RYAN W. BOUNDS, OSB #00012**
Ryan.Bounds@usdoj.gov
Assistant United States Attorneys
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:20-cr-00228-SI |
| v. | **GOVERNMENT'S MOTION FOR DEPOSITION OF GOVERNMENT WITNESS TO PRESERVE TESTIMONY FOR TRIAL** |
| **ROBERT J. JESENIK, N. SCOTT GILLIS, ANDREW N. MacRITCHIE, and BRIAN K. RICE,** | |
| Defendants. | |

The United States of America hereby moves this Court pursuant to Rule 15 of the Federal Rules of Criminal Procedure for an order permitting the deposition of a government witness to preserve that witness's testimony for trial. Specifically, the government seeks leave of the Court to depose a victim of the wire and mail fraud scheme charged in Count 1 of the Indictment returned in this matter. The individual, who shall be referred to herein as Aequitas Investor Number One ("AI-1"), is 85 years of age and thus at a sharply elevated risk of succumbing to

**Government's Motion for Deposition of Government Witness**                      Page 1
**to Preserve Testimony for Trial**

COVID-19 and other age-related infirmities. Trial is not scheduled to begin until April 2023—nearly a year-and-a-half from the date of this motion.

I. **Pending Charges**

A federal grand jury returned the Indictment against defendants on July 16, 2020, charging them, *inter alia*, with perpetrating between June 2014 and February 2016 an elaborate scheme to defraud hundreds of individual investors in violation of 18 U.S.C. §§ 1343, 1344, and 1349. The grand jury alleged that defendants conspired to mislead the victim investors by soliciting investments in notes and funds for the purported purpose of buying trade receivables when in fact the investments were to be used predominantly to pay off earlier investors and to defray Aequitas's operating expenses. Aequitas collapsed in early 2016, owing its investors more than $600 million. Aequitas's court-appointed receiver ultimately concluded that the company had been insolvent from July 2014 through the date of its collapse.[1]

II. **Purpose of Proposed Deponent's Testimony**

The government intends to call AI-1 at trial to testify about what AI-1 was told about Aequitas's business operations and, more particularly, what the defendants—particularly Robert Jesenik—led AI-1 to believe AI-1's investments would be used for.

This witness's testimony would be uniquely material. Federal agents interviewed AI-1 in December 2017, and, based on that interview, the government expects that AI-1 would testify that Robert Jesenik was AI-1's primary point of contact at Aequitas. AI-1 would be expected to testify that AI-1 relied on Jesenik's oral representations about the nature and status of Aequitas's

---

[1] *See* Ronald F. Greenspan, Report Regarding the Investigation of the Receivership Entity's Business Conduct, *In re Aequitas Mgmt. LLC, et al.*, No. 3:16-cv-00438-PK (D. Ore. Nov. 1, 2018), at 8.

business in deciding to invest in the company. The witness is further expected to recount how Jesenik flew to AI-1's Nevada office in July 2015 to solicit AI-1's investment in the Aequitas "Private Client Fund" and then flew with AI-1 from Nevada to Rancho Santa Fe, California, for a lavish Aequitas investor-relations event. During both their private meeting and during the investor-relations event, AI-1 heard Jesenik emphasize the security of Aequitas's investments in healthcare receivables and trumpet the strength of Aequitas's business. AI-1 also received private placement memoranda for each of his investments that failed to disclose that new investments were routinely used to redeem other investors and to pay Aequitas's operating expenses. Based on these and other misrepresentations and omissions, AI-1 ultimately became one of the most significant individual investors in Aequitas, investing more than $16.5 million during the time frame alleged in the Indictment.

### III. Manner of Proposed Deposition

The government proposes to take AI-1's deposition at the United States Courthouse in Portland, Oregon, in or about March 2022 on a date and time determined to be mutually convenient to the witness and the parties desiring to attend the deposition. The proceedings would be videorecorded and conducted in accordance with Rule 15(e).

### IV. Rule 15 Authorizes the Deposition of AI-1 to Preserve the Witness's Testimony for Trial

"A party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice." Fed. R. Crim. P. 15(a)(1). "Rule 15(a) allows the district court broad discretion in deciding whether to order depositions in criminal cases . . ." *United States v. Olafson*, 213 F.3d 435, 442 (9th Cir. 2000). "Rule 15(a) only requires that the trial court find that due to

exceptional circumstances it is in the interest of justice that the testimony of a prospective witness be taken and preserved for possible use at trial." *United States v. Omene*, 143 F.3d 1167, 1170 (9th Cir. 1998).

Exceptional circumstances warrant the preservation of AI-1's testimony for trial in this matter. The most significant of these circumstances is AI-1's advanced age. By the scheduled trial date, AI-1 would be 87 years old. That's nearly a decade beyond the average life expectancy of Americans in general, which the CDC most recently estimated to have declined to 77.3 years.[2] At least one circuit has recognized that a witness's "advanced age" and associated infirmities justified the taking of depositions under Rule 15. *See, e.g.*, *United States v. Keithan*, 751 F.2d 9, 12 (1st Cir. 1984) (noting witnesses' "advanced age" and "physical infirmities" and affirming district court's finding of exceptional circumstances warranting depositions).

The reason for the recent decline in Americans' life expectancy presents a second exceptional factor warranting preservation of AI-1's testimony here: The world remains in the grip of the COVID-19 pandemic, which is far more lethal to octogenarians than to younger cohorts. The CDC reports that more than 28% of COVID-associated deaths in the United States have occurred among individuals over 85 years of age—even though such individuals constitute only two percent of the population. *See Demographic Trends of COVID-19 Cases and Deaths in the US Reported to CDC*, Centers for Disease Control and Prevention (Nov. 8, 2021, 4:10 PM), https://covid.cdc.gov/covid-data-tracker/#demographics.

/ / /

---

[2] *See* Elizabeth Arias, Betzaida Tejada-Vera, Farida Ahmad & Kenneth D. Kochanek, *Provisional Life Expectancy Estimates for 2020*, Centers for Disease Control and Prevention, National Center for Health Statistics, 1-2 (July 2021), https://www.cdc.gov/nchs/data/vsrr/vsrr015-508.pdf.

A third extraordinary consideration warranting a Rule 15 deposition is the unusually long delay between the return of the Indictment in this matter and the scheduled trial date. The trial of this matter will trail the Indictment by nearly three years. The Court allowed the delay over the government's opposition and at the defendants' request. Defendants were entitled to seek ample time to prepare their defense in this complex case, but they should not be permitted to procure thereby the potential loss of an essential government witness's testimony when it is so readily preservable.

In contrast, the government would not realize any undue benefit from the proposed deposition if AI-1 were to remain healthy enough to testify at trial in April 2023. In that event, the government would anticipate calling AI-1 to the stand in the normal course. (Indeed, the principal benefit would inure to the defendants, who would enjoy early insight into the substance of an adverse witness's anticipated testimony.)

Defendant Robert Jesenik has indicated he does not oppose this motion. The remaining defendants have indicated that they may oppose it.

### V. Conclusion

For the reasons stated above, the government respectfully requests that the Court order the deposition of AI-1 pursuant to Federal Rule of Criminal Procedure 15.

Dated: November 12, 2021

Respectfully submitted,

SCOTT ERIK ASPHAUG
Acting United States Attorney

*/s/ Ryan Wesley Bounds*
SCOTT E. BRADFORD, OSB #062824
RYAN W. BOUNDS, OSB #00012
Assistant United States Attorneys