NATALIE K. WIGHT, OSB #035576
United States Attorney
District of Oregon
**RYAN W. BOUNDS, OSB #000129**
Ryan.Bounds@usdoj.gov
**CHRISTOPHER L. CARDANI, MAB # 550609**
Christopher.Cardani@usdoj.gov
**SIDDHARTH DADHICH, TSB #24096310**
Siddharth.Dadhich@usdoj.gov
Assistant United States Attorneys
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:20-cr-00228-SI** |
| v. | **GOVERNMENT'S PROPOSED JURY INSTRUCTIONS** |
| **ROBERT J. JESENIK,** **ANDREW N. MacRITCHIE, and** **BRIAN K. RICE,** | |
| **Defendants.** | |

The government submits the following Proposed Jury Instructions and requests leave to

submit additional jury instructions if they become necessary during trial.

Unless otherwise noted, these proposed instructions are substantially unchanged from the

Ninth Circuit Model Criminal Jury Instructions (2022) of the same number.  Proposed

/ / /

/ / /

/ / /

**Government's Proposed Jury Instructions**                                                                 **Page 1**

modifications to the model instructions are noted parenthetically and were made to customize the instructions to this case or based on cited authority.

Dated: March 6, 2023                    Respectfully submitted,

                                        NATALIE K. WIGHT
                                        United States Attorney

                                        /s/ *Ryan Wesley Bounds*
                                        _____
                                        RYAN W. BOUNDS, OSB #000129
                                        CHRISTOPHER L. CARDANI, MAB # 550609
                                        SIDDHARTH DADHICH, TSB #24096310
                                        Assistant United States Attorneys

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**Government's Proposed Jury Instructions**                    **Page 2**

## Preliminary Instructions

| Proposed Instruction # | 9th Circuit Model # | Title | Page # |
|---|---|---|---|
| 1 | 1.1 | Duty of Jury (Model 1.1)……………………………………………6 |  |
| 2 | 1.2 | The Charges—Presumption of Innocence……………………………...7 |  |
| 3 | 1.3 | What is Evidence …………………………………………………………8 |  |
| 4 | 1.4 | What is Not Evidence……………………………………………………9 |  |
| 5 | 1.5 | Direct and Circumstantial Evidence ..........................................................10 |  |
| 6 | 1.6 | Ruling on Objections…………………………………………………… 11 |  |
| 7 | 1.7 | Credibility of Witnesses........................................................................12 |  |
| 8 | 1.8 | Conduct of the Jury……………………………………………….......13 |  |
| 9 | 1.9 | No Transcript Available to Jury ...............................................................16 |  |
| 10 | 1.10 | Taking Notes …………………………………………………………17 |  |
| 11 | 1.11 | Outline of Trial (Model 1.11) ..................................................................18 |  |
| 12 | 1.13 | Separate Consideration for Each Defendant ............................................19 |  |
| 13 | 1.16 | Bench Conferences and Recesses .............................................................20 |  |

## Instructions During Course of Trial

| | | | |
|---|---|---|---|
| 14 | 2.1 | Cautionary Instructions (Model 2.1)........................................................21 |  |
| 15 | 2.3 | Stipulations of Fact…………………………………………………….22 |  |
| 16 | 2.10 | Other Crimes, Wrongs, or Acts of Defendant…………………………...23 |  |
| 17 | 2.12 | Evidence for Limited Purpose..................................................................24 |  |

## Consideration of Particular Evidence

| | | | |
|---|---|---|---|
| 18 | 3.1 | Statements by Defendant …………………………………………….25 |  |
| 19 | 3.9 | Testimony of Witnesses Involving Special Circumstances—Immunity, Benefits, Accomplice, Plea .....................................................................26 |  |
| 20 | 3.14 | Opinion Evidence, Expert Witness ..........................................................27 |  |
| 21 | 3.15 | Dual Role Testimony…………………………………………………….28 |  |
| 22 | 3.16 | Charts and Summaries Not Admitted into Evidence .................................29 |  |
| 23 | 3.17 | Charts and Summaries Admitted into Evidence .......................................30 |  |

**Government's Proposed Jury Instructions**                                        **Page 3**

## Instructions at End of Case—Jury Deliberations

| | | | |
|---|---|---|---|
| 24 | 6.1 | Duties of Jury to Find Facts and Follow Law | 31 |
| 25 | 6.2 | Charge Against Defendant Not Evidence—Presumption of Innocence—Burden of Proof | 32 |
| 26 | 6.3 | Defendant's Decision Not to Testify | 33 |
| 27 | 6.4 | Defendant's Decision to Testify | 34 |
| 28 | 6.5 | Reasonable Doubt—Defined | 35 |
| 29 | 6.6 | What is Evidence | 36 |
| 30 | 6.7 | What is Not Evidence | 37 |
| 31 | 6.8 | Direct and Circumstantial Evidence | 38 |
| 32 | 6.9 | Credibility of Witnesses | 39 |
| 33 | 6.13 | Separate Consideration of Multiple Counts—Multiple Defendants | 41 |
| 34 | 6.18 | On or About—Defined | 42 |
| 35 | 6.19 | Duty to Deliberate | 43 |
| 36 | 6.20 | Consideration of Evidence—Conduct of the Jury | 45 |
| 37 | 6.21 | Use of Notes | 47 |
| 38 | 6.22 | Jury Consideration of Punishment | 48 |
| 39 | 6.23 | Verdict Form | 49 |
| 40 | 6.24 | Communication with Court | 50 |
| 41 | 6.31 | Post-Discharge Instruction | 51 |
| 42 | 6.32 | Venue | 52 |

## Substantive Offenses and Responsibility

| | | | |
|---|---|---|---|
| 43 | 11.1 | Conspiracy—Elements | 53 |
| 44 | 4.8 | Knowingly | 55 |
| 45 | 11.4 | Conspiracy—Knowledge of and Association with Other Conspirators | 55 |
| 46 | 11.6 | Conspiracy—Liability for Substantive Offense Committed by Co-Conspirator (*Pinkerton* Charge) | 57 |
| 47 | 15.32 | Mail Fraud—Scheme to Defraud or to Obtain Money or Property by False Promises (18 U.S.C. § 1341) | 58 |
| 48 | 15.35 | Wire Fraud (18 U.S.C. § 1343) | 59 |
| 49 | 15.33 | Scheme to Defraud—Vicarious Liability (18 U.S.C. §§ 1341, 1343, 1344, 1346) | 61 |

50       18.7A     Conspiracy to Commit Money Laundering (18 U.S.C. § 1956(a)).........62

51        18.7     Money Laundering (18 U.S.C. § 1965(a)) ................................. 63

52        4.1      Aiding and Abetting (18 U.S.C. § 2(a)) ..................................... 64

53        24.11    False Statement to a Bank or Other Federally Insured Institution (18
                   U.S.C. § 1014)……………………………………………………...66

**Government's Proposed Instruction No. 1: Duty of Jury[1]**

Jurors:  You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions.  At the end of the trial, I will give you more detailed [written] instructions that will control your deliberations.

When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not.  You must decide the case solely on the evidence and the law before you.

Perform these duties fairly and impartially.  You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.  Like conscious bias, unconscious bias can affect how we evaluate information and make decisions.

---

[1] Ninth Circuit Model Criminal Jury Instruction 1.1 (2022)

**Government's Proposed Jury Instructions**                                    **Page 6**

**Government's Proposed Instruction No. 2: The Charges—Presumption of Innocence[2]**

This is a criminal case brought by the United States government.  The government charges the defendants Robert J. Jesenik, Andrew N. MacRitchie, and Brian K. Rice with Conspiracy to Commit Mail and Wire Fraud in violation of 18 U.S.C. § 1349 (Count 1), Wire Fraud in violation of 18 U.S.C. § 1343 (Counts 2-29), and Conspiracy to Commit Money Laundering in violation of 18 U.S.C. § 1956(h) (Count 30).  Defendant Jesenik is also charged with making a False Statement on a Loan Application in violation of 18 U.S.C. §§ 2 and 1014 (Count 31).  The charges against the defendants are contained in the indictment.  The indictment simply describes the charges the government brings against the defendants.  The indictment is not evidence and does not prove anything.

The defendants have pleaded not guilty to the charges and are presumed innocent unless and until the government proves the defendants guilty beyond a reasonable doubt.  In addition, the defendants have the right to remain silent and never have to prove innocence or present any evidence.

[To help you follow the evidence, I will now give you a brief summary of the elements of the crimes that the government must prove to make its case: [Read proposed instructions for substantive offenses, *infra*].]

---

[2] Ninth Circuit Model Criminal Jury Instruction 1.2 (2022) (modified to incorporate instructions for the charges in the Superseding Indictment).

**Government's Proposed Jury Instructions**                                              **Page 7**

**Government's Proposed Instruction No. 3: What is Evidence[3]**

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness;

Second, the exhibits that are received in evidence[.] [; and]

[Third, any facts to which the parties agree.]

---

[3] Ninth Circuit Model Criminal Jury Instruction 1.3 (2022)

**Government's Proposed Jury Instructions**                    **Page 8**

**Government's Proposed Instruction No. 4: What is Not Evidence[4]**

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

First, statements and arguments of the attorneys;

Second, questions and objections of the attorneys;

Third, testimony that I instruct you to disregard; and

Fourth, anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

---

[4] Ninth Circuit Model Criminal Jury Instruction 1.4 (2022)

**Government's Proposed Jury Instructions**                                          **Page 9**

**Government's Proposed Instruction No. 5: Direct and Circumstantial Evidence[5]**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

---

[5] Ninth Circuit Model Criminal Jury Instruction 1.5 (2022)

**Government's Proposed Instruction No. 6: Ruling on Objections[6]**

There are rules of evidence that control what can be received in evidence. When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, or the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

---

[6] Ninth Circuit Model Criminal Jury Instruction 1.6 (2022)

**Government's Proposed Jury Instructions**                                        **Page 11**

**Government's Proposed Instruction No. 7: Credibility of Witnesses[7]**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

First, the witness's opportunity and ability to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it. What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

---

[7] Ninth Circuit Model Criminal Jury Instruction 1.7 (2022)

**Government's Proposed Jury Instructions**                                      **Page 12**

**Government's Proposed Instruction No. 8: Conduct of the Jury[8]**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, or computer, or any other means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This restriction also applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you

/ / /

---

[8] Ninth Circuit Model Criminal Jury Instruction 1.8 (2022)

**Government's Proposed Jury Instructions**                          **Page 13**

have been ordered not to discuss the matter. In addition, you must report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers— until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

/ / /

**Government's Proposed Jury Instructions**                                    **Page 14**

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

**Government's Proposed Instruction No. 9: No Transcript Available to Jury[9]**

At the end of the trial, you will have to make your decision based on what you recall of the evidence.  You will not have a written transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

---

[9] Ninth Circuit Model Criminal Jury Instruction 1.9 (2022)

**Government's Proposed Instruction No. 10: Taking Notes[10]**

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you from being attentive.  When you leave court for recesses, your notes should be left in the [courtroom] [jury room] [envelope in the jury room].  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

[10] Ninth Circuit Model Criminal Jury Instruction 1.10 (2022)

**Government's Proposed Instruction No. 11: Outline of Trial[11]**

The next phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The government will then present evidence and counsel for each defendant may cross-examine.  Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

---

[11] Ninth Circuit Model Criminal Jury Instruction 1.11 (2022)

**Government's Proposed Instruction No. 12: Separate Consideration for Each Defendant**[12]

Although the defendants are being tried together, you must give separate consideration to each defendant.  In doing so, you must determine which evidence in the case applies to each defendant, disregarding any evidence admitted solely against some other defendants.  The fact that you may find one of the defendants guilty or not guilty should not control your verdict as to any other defendants.

---

[12] Ninth Circuit Model Criminal Jury Instruction 1.13 (2022)

**Government's Proposed Jury Instructions**

**Government's Proposed Instruction No. 13: Bench Conferences and Recesses[13]**

During the trial, I may need to take up legal matters with the attorneys privately, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or what your verdict should be.

---

[13] Ninth Circuit Model Criminal Jury Instruction 1.16 (2022)

**Government's Proposed Instruction No. 14: Cautionary Instructions[14]**

**At the End of Each Day of the Case:**

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom. This means that after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers. You also must not communicate with anyone, in any way, about this case. And you must ignore any information about the case that you might see while browsing the Internet or your social media feeds.

**At the Beginning of Each Day of the Case:**

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here. So you must not learn any additional information about the case from sources outside the courtroom. To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

[ALTERNATIVE 1 (in open court): if you think that you might have done so, please let me know now by raising your hand. [Wait for a show of hands]. I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break. Thank you for your careful adherence to my instructions.]

---

[14] Ninth Circuit Model Criminal Jury Instruction 2.1 (2022)

**Government's Proposed Jury Instructions**                                    **Page 21**

**Government's Proposed Instruction No. 15: Stipulations of Fact[15]**

The parties have agreed to certain facts that have been stated to you.  Those facts are now conclusively established.


***\*\*\* Requested only if the parties have stipulated to facts at trial \*\*\****

---

[15] Ninth Circuit Model Criminal Jury Instruction 2.3 (2022)

**Government's Proposed Instruction No. 16: Other Crimes, Wrongs, or Acts of Defendant[16]**

You [are about to hear] [have heard] testimony that the defendant, Robert Jesenik, avoided using emails for anything controversial and once told Brian Oliver "this is why we don't put things in emails." This evidence of other acts was admitted only for limited purpose. You may consider this evidence only for the purpose of deciding whether the defendant:

had the state of mind, knowledge, or intent necessary to commit the crime charged in the indictment;

was preparing or planning to commit the acts charged in the indictment; or

did not commit the acts for which the defendant is on trial by accident or mistake;

Do not consider this evidence for any other purpose.

Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered. You may give it such weight as you feel it deserves, but only for the limited purpose that I described to you.

The defendant is not on trial for committing these other acts. You may not consider the evidence of these other acts as a substitute for proof that the defendant committed the crimes charged. You may not consider this evidence as proof that the defendant has a bad character or any propensity to commit crimes. Specifically, you may not use this evidence to conclude that because the defendant may have committed the other act, he must also have committed the acts charged in the indictment.

***Requested only if applicable ***

---

[16] Ninth Circuit Model Criminal Jury Instruction 2.10 (2022) (modified to case)

**Government's Proposed Instruction No. 17: Evidence for Limited Purpose[17]**

You are about to hear evidence that [_describe evidence to be received for limited purpose_].

I instruct you that this evidence is admitted only for the limited purpose of [_describe purpose_] and, therefore, you must consider it only for that limited purpose and not for any other purpose.

***Requested only if applicable ***

---

[17] Ninth Circuit Model Criminal Jury Instruction 2.12 (2022)

**Government's Proposed Instruction No. 18: Statements by Defendant[18]**

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

***\*\*\* Requested only if applicable \*\*\****

---

[18] Ninth Circuit Model Criminal Jury Instruction 3.1 (2022)

**Government's Proposed Jury Instructions**                                    **Page 25**

**Government's Proposed Instruction No. 19: Testimony of Witnesses Involving
Special Circumstances—Immunity, Benefits, Accomplice, Plea[19]**

You have heard testimony from Scott Gillis, Olaf Janke and Brian Oliver, witnesses who received benefits from the government in connection with this case and pleaded guilty to crimes arising out of the same events for which the defendants are on trial.  These guilty pleas are not evidence against the defendants, and you may consider them only in determining these witnesses' believability.

For these reasons, in evaluating the testimony of Scott Gillis, Olaf Janke and Brian Oliver, you should consider the extent to which or whether their testimony may have been influenced by any of these factors.  In addition, you should examine the testimony of Scott Gillis, Olaf Janke and Brian Oliver with greater caution than that of other witnesses.

---

[19] Ninth Circuit Model Criminal Jury Instruction 3.9 (2022) (modified)

**Government's Proposed Jury Instructions**                                        **Page 26**

**Government's Proposed Instruction No. 20: Opinion Evidence, Expert Witness**[20]

You [have heard] [are about to hear] testimony from [Jason Ambers, Bradley Foster, Serena Morones, Alexander Scoufis],  who [testified] [will testify] to opinions and the reasons for [his] [her] opinions.  This opinion testimony is allowed because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

---

[20] Ninth Circuit Model Criminal Jury Instruction 3.14 (2022) (modified)

**Government's Proposed Instruction No. 21: Dual Role Testimony[21]**

You [have heard] [are about to hear] testimony from Bradley Foster who [testified] [will testify] to both facts and opinions and the reasons for his opinions.

Fact testimony is based on what the witness saw, heard or did.  Opinion testimony is based on the education or experience of the witness.

As to the testimony about facts, it is your job to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  Take into account the factors discussed earlier in these instructions that were provided to assist you in weighing the credibility of witnesses.

As to the testimony about the witness's opinions, this opinion testimony is allowed because of the education or experience of this witness.  Opinion testimony should be judged like any other testimony.  You may accept all of it, part of it, or none of it.  You should give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

*** **Requested only if applicable** ***

---

[21] Ninth Circuit Model Criminal Jury Instruction 3.15 (2022) (modified)

**Government's Proposed Jury Instructions**                              **Page 28**

**Government's Proposed Instruction No. 22: Charts and Summaries Not Admitted into Evidence[22]**

During the trial, certain charts and summaries were shown to you to help explain the evidence in the case. These charts and summaries were not admitted into evidence and will not go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

---

[22] Ninth Circuit Model Criminal Jury Instruction 3.16 (2022)

**Government's Proposed Jury Instructions**                                                          **Page 29**

**Government's Proposed Instruction No. 23: Charts and Summaries Admitted into Evidence[23]**

Certain charts and summaries have been admitted into evidence.  Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

---

[23] Ninth Circuit Model Criminal Jury Instruction 3.17 (2022)

**Government's Proposed Jury Instructions**                                    **Page 30**

**Government's Proposed Instruction No. 24: Duties of Jury to Find Facts and Follow Law[24]**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. You will recall that you took an oath promising to do so at the beginning of the case. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done as any suggestion as to what verdict you should return—that is a matter entirely up to you.

---

[24] Ninth Circuit Model Criminal Jury Instruction 6.1 (2022)

**Government's Proposed Jury Instructions**                                    **Page 31**

**Government's Proposed Instruction No. 25: Charge Against Defendant Not Evidence—Presumption of Innocence—Burden of Proof[25]**

The indictment is not evidence.  The defendant has pleaded not guilty to the charges.  The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence.  The defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

---

[25] Ninth Circuit Model Criminal Jury Instruction 6.2 (2022) (modified to make "charges" plural)

**Government's Proposed Instruction No. 26: Defendant's Decision Not to Testify[26]**

A defendant in a criminal case has a constitutional right not to testify.  In arriving at your

verdict, the law prohibits you from considering in any manner that the defendant did not testify.

***\*\*\* Requested only if applicable \*\*\****

---

[26] Ninth Circuit Model Criminal Jury Instruction 6.3 (2022)

**Government's Proposed Jury Instructions**                                    **Page 33**

**Government's Proposed Instruction No. 27: Defendant's Decision to Testify[27]**

The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.


***\*\*\* Requested only if applicable \*\*\****

---

[27] Ninth Circuit Model Criminal Jury Instruction 6.4 (2022)

**Government's Proposed Instruction No. 28: Reasonable Doubt—Defined[28]**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

---

[28] Ninth Circuit Model Criminal Jury Instruction 6.5 (2022)

**Government's Proposed Jury Instructions**                                                **Page 35**

**Government's Proposed Instruction No. 29: What is Evidence[29]**

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness;

Second, the exhibits received in evidence[.] [; and]

[Third, any facts to which the parties have agreed.]

---

[29] Ninth Circuit Model Criminal Jury Instruction 6.6 (2022)

**Government's Proposed Instruction No. 30: What is Not Evidence[30]**

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence, and you may not consider them in deciding what the facts are:

1.    Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, [will say in their] closing arguments, and [have said] at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.    Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. [In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.]

3.    Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

---

[30] Ninth Circuit Model Criminal Jury Instruction 6.7 (2022)

**Government's Proposed Jury Instructions**                                           **Page 37**

**Government's Proposed Instruction No. 31: Direct and Circumstantial Evidence[31]**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**Government's Proposed Instruction No. 32: Credibility of Witnesses[32]**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account the following:

First, the opportunity and ability of the witness to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about

---

[32] Ninth Circuit Model Criminal Jury Instruction 6.9 (2022)

**Government's Proposed Jury Instructions**

others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**Government's Proposed Instruction No. 33: Separate Consideration of Multiple Counts—Multiple Defendants[33]**

A separate crime is charged against one or more of the defendants in each count.  The charges have been joined for trial.  You must decide the case of each defendant on each crime charged against that defendant separately.  Your verdict on any count as to any defendant should not control your verdict on any other count or as to any other defendant.

All the instructions apply to each defendant and to each count unless a specific instruction states that it applies only to a specific defendant or count.

---

[33] Ninth Circuit Model Criminal Jury Instruction 6.13 (2022) (modified to the case)

**Government's Proposed Jury Instructions**                                          **Page 41**

**Government's Proposed Instruction No. 34: On or About—Defined[34]**

The indictment charges that the offenses alleged in Counts 1 through 31 began or were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the dates alleged in Counts 1 through 31 of the indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

---

[34] Ninth Circuit Model Criminal Jury Instruction 6.18 (2022) (modified to the case)

**Government's Proposed Jury Instructions**                                    **Page 42**

**Government's Proposed Instruction No. 35: Duty to Deliberate[35]**

When you begin your deliberations, elect one member of the jury as your presiding juror who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not

/ / /

---

[35] Ninth Circuit Model Criminal Jury Instruction 6.19 (2022) (modified to elect "presiding juror")

**Government's Proposed Jury Instructions**                          **Page 43**

hesitate to reexamine your own views and change your opinion if you become persuaded that it is

wrong.

**Government's Proposed Instruction No. 36: Consideration of Evidence—Conduct of the Jury[36]**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media.  This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the

/ / /

---

[36] Ninth Circuit Model Criminal Jury Instruction 6.20 (2022) (modified)

**Government's Proposed Jury Instructions**                                    **Page 45**

entire trial process to start over.  If any juror is exposed to any outside information, please notify

the court immediately.

**Government's Proposed Instruction No. 37: Use of Notes[37]**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

---

[37] Ninth Circuit Model Criminal Jury Instruction 6.21 (2022)

**Government's Proposed Jury Instructions**                                              **Page 47**

**Government's Proposed Instruction No. 38: Jury Consideration of Punishment[38]**

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

---

[38] Ninth Circuit Model Criminal Jury Instruction 6.22 (2022)

**Government's Proposed Jury Instructions**                                    **Page 48**

**Government's Proposed Instruction No. 39: Verdict Form[39]**

A verdict form has been prepared for you.  [*Explain verdict form as needed.*]  After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the courtroom deputy that you are ready to return to the courtroom.

---

[39] Ninth Circuit Model Criminal Jury Instruction 6.23 (2022) (modified)

**Government's Proposed Jury Instructions**                                    **Page 49**

**Government's Proposed Instruction No. 40: Communication with Court**[40]

      If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom deputy, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

---

[40] Ninth Circuit Model Criminal Jury Instruction 6.24 (2022) (modified)

**Government's Proposed Instruction No. 41: Post-Discharge Instruction[41]**

Now that the case has been concluded, some of you may have questions about the confidentiality of the proceedings.  Now that the case is over, you are free to discuss it with any person you choose.  By the same token, however, I would advise you that you are under no obligation whatsoever to discuss this case with any person.

[If you do decide to discuss the case with anyone, I would suggest you treat it with a degree of solemnity in that whatever you do decide to say, you would be willing to say in the presence of the other jurors or under oath here in open court in the presence of all the parties.]

[Finally, always bear in mind that if you do decide to discuss this case, the other jurors fully and freely stated their opinions with the understanding they were being expressed in confidence.  Please respect the privacy of the views of the other jurors.]

[Finally, if you would prefer not to discuss the case with anyone, but are feeling undue pressure to do so, please feel free to contact the courtroom deputy, who will notify me, and I will assist.]

---

[41] Ninth Circuit Model Criminal Jury Instruction 6.31 (2022)

**Government's Proposed Jury Instructions**                                         **Page 51**

**Government's Proposed Instruction No. 42: Venue[42]**

The Indictment alleges that some act [or acts] in furtherance of the crime charged occurred in [*Name of venue*]. There is no requirement that [all aspects of the crime charged] [the entire conspiracy] take place here in [*Name of venue*]. Before you may return a verdict of guilty, however, if that is your decision, the government must convince you that [some act in furtherance of the crime charged] [either the agreement or one of the overt acts in furtherance of the agreement] took place in [*Name of venue*].

[*Define the specific geographic boundaries of the venue, if needed.*]

Unlike all the specific elements of the crime[s] charged that I have described elsewhere in these instructions, this fact regarding venue need only be proven by a preponderance of the evidence. This means the government need only convince you that it is more likely than not that [some act in furtherance of the crime charged] [part of the conspiracy] took place here.

The government, however, must prove all the offense-specific elements of any crime charged, as I have described elsewhere in these instructions, beyond a reasonable doubt. The lesser standard of preponderance of the evidence only applies to your decision on the issue of venue.

---

[42] Ninth Circuit Model Criminal Jury Instruction 6.32 (2022)

**Government's Proposed Instruction No. 43: Conspiracy to Commit Mail and Wire Fraud[43]
(18 U.S.C. § 1349)**

The defendants are charged in Counts 1 of the indictment with conspiring to commit mail

and wire fraud in violation of Section 1349 of Title 18 of the United States Code.  For the

defendants to be found guilty of those charges, the government must prove each of the following

elements beyond a reasonable doubt:

First, beginning on or about June 2014 and ending on or about February 2016, there was an

agreement between two or more persons to commit mail or wire fraud as charged in the

indictment;[44] and

Second, the defendant became a member of the conspiracy knowing of at least one of its

objects and intending to help accomplish it.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to

commit one or more crimes.  The crime of conspiracy is the agreement to do something unlawful;

it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal

agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that

they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped

one another.  You must find that there was a plan to commit at least one of the crimes alleged in

the indictment as an object of the conspiracy with all of you agreeing as to the particular crime

which the conspirators agreed to commit.

---

[43] Ninth Circuit Model Criminal Jury Instruction 11.1 (2022) (modified to include mail and wire fraud under 18 U.S.C. § 1349); *see also United States v. Holmes*, No. 5:18-CR-00258-EJD-1, 2022 WL 4086525, at *1 (N.D. Cal. Sept. 6, 2022) (discussing elements of 18 U.S.C. § 1349).

[44]  The elements for mail fraud and wire fraud are included in accompanying instructions.  *United States v. Alghazouli*, 517 F.3d 1179, 1189 (9th Cir. 2008).

**Government's Proposed Jury Instructions**                                          **Page 53**

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

**Government's Proposed Instruction No. 44: Knowingly[45]**

An act is done knowingly if the defendant is aware of the act and does not act or fail to act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

---

[45] Ninth Circuit Model Criminal Jury Instruction 4.8 (2022) (modified to case)

**Government's Proposed Instruction No. 45: Conspiracy—Knowledge of and Association with Other Conspirators[46]**

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with the other defendants or other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if the government proves each of the following beyond a reasonable doubt:

First, the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;

Second, the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired; and

Third, the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is not a defense that a person's participation in a conspiracy was minor or for a short period of time.

---

[46] Ninth Circuit Model Criminal Jury Instruction 11.4 (2022)

**Government's Proposed Jury Instructions**                    **Page 56**

**Government's Proposed Instruction No. 46: Conspiracy—Liability for Substantive Offense Committed by Co-Conspirator (*Pinkerton* Charge)[47]**

Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy.  If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

Therefore, you may find the defendant guilty of wire fraud as charged in Counts 2 through 29 of the indictment if the government has proved each of the following elements beyond a reasonable doubt:

First, a person named in Counts 2 through 29 of the indictment committed the crime of wire fraud as alleged in that count;

Second, the person was a member of the conspiracy charged in Count 1 of the indictment;

Third, the person committed the crime of wire fraud in furtherance of the conspiracy;

Fourth, the defendant was a member of the same conspiracy at the time the offense charged in Counts 2 through 29 were committed; and

Fifth, the offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

---

[47] Ninth Circuit Model Criminal Jury Instruction 11.6 (2022) (modified to case)

**Government's Proposed Jury Instructions**                                   **Page 57**

**Government's Proposed Instruction No. 47: Mail Fraud—Scheme to Defraud or to Obtain Money or Property by False Promises (18 U.S.C. § 1341)[48]**

The defendants are charged in Count 1 of the indictment with conspiring to commit mail fraud or wire fraud.  The elements of mail fraud are:

First, the defendant knowingly participated in, devised, or intended to devise a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises.  Deceitful statements of half-truths may constitute false or fraudulent representations;

Second, the statements made as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud; that is, the intent to deceive and cheat; and

Fourth, the defendant used, or caused to be used, the mails to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements, but also the circumstances in which they are used as a whole.

A mailing is caused when one knows that the mails will be used in the ordinary course of business or when one can reasonably foresee such use.  It does not matter whether the material mailed was itself false or deceptive so long as the mail was used as a part of the scheme, nor does it matter whether the scheme or plan was successful or that any money or property was obtained.

---

[48] Ninth Circuit Model Criminal Jury Instruction 15.32 (2022) (modified to reflect mail fraud is an object of the conspiracy charged in Count 1, not a substantive offense charged in the indictment)

**Government's Proposed Jury Instructions**                                                         **Page 58**

**Government's Proposed Instruction No. 48: Wire Fraud (18 U.S.C. § 1343)[49]**

The defendants are charged in Count 1 of the indictment with conspiring to commit mail fraud or wire fraud.  In addition, the defendants are charged in Counts 2 through 29 of the indictment with wire fraud in violation of Section 1343 of Title 18 of the United States Code.  For the defendants to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly participated in, devised, or intended to devise a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises.  Deceitful statements of half-truths may constitute false or fraudulent representations;

Second, the statements made as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud, that is, the intent to deceive and cheat; and

Fourth, the defendant used, or caused to be used, an interstate or foreign wire communication to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements but also the circumstances in which they are used as a whole.

A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use.

It need not have been reasonably foreseeable to the defendant that the wire communication would be interstate or foreign in nature. Rather, it must have been reasonably foreseeable to the

---

[49] Ninth Circuit Model Criminal Jury Instruction 15.35 (2022) (modified to the case)

**Government's Proposed Jury Instructions**                                        **Page 59**

defendant that some wire communication would occur in furtherance of the scheme, and an interstate or foreign wire communication must have actually occurred in furtherance of the scheme.

**Government's Proposed Instruction No. 49: Scheme to Defraud—Vicarious Liability[50]**

If you decide that the defendant was a member of a scheme to defraud and that the defendant had the intent to defraud, the defendant may be responsible for other co-schemers' actions during the course of and in furtherance of the scheme, even if the defendant did not know what the other co-schemers said or did.

For the defendant to be guilty of an offense committed by a co-schemer in furtherance of the scheme, the offense must be one that the defendant could reasonably foresee as a necessary and natural consequence of the scheme to defraud.

---

[50] Ninth Circuit Model Criminal Jury Instruction 15.33 (2022)

**Government's Proposed Instruction No. 50: Conspiracy to Commit Money Laundering[51]**
**(18 U.S.C. § 1956(h))**

The defendants are charged in Count 30 of the indictment with money laundering conspiracy in violation of Section 1956(h) of Title 18 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, there was an agreement to commit money laundering;

Second, the defendant knew the objective of the agreement;

Third, the defendant joined the agreement with the intent to further its unlawful purpose.

---

[51] Ninth Circuit Model Criminal Jury Instruction 18.7A (2022)

**Government's Proposed Jury Instructions**                                        **Page 62**

**Government's Proposed Instruction No. 51: Money Laundering**
**(18 U.S.C. § 1957)[52]**

The defendants are charged in Count 30 of the indictment with conspiring to commit money laundering. The elements of money laundering are:

First, the defendant knowingly engaged or attempted to engage in a monetary transaction;

Second, the defendant knew the transaction involved criminally derived property;

Third, the property had a value greater than $10,000;

Fourth, the property was, in fact, derived from mail or wire fraud; and

Fifth, the transaction occurred in the United States.

The term "monetary transaction" means the deposit, withdrawal, or transfer, in or affecting interstate commerce, of funds or a monetary instrument by, through, or to a financial institution.

The term "financial institution" means a federally insured bank or credit union.

The term "criminally derived property" means any property constituting, or derived from, the proceeds obtained from a criminal offense. The government must prove that the defendant knew that the property involved in the monetary transaction constituted, or was derived from, proceeds obtained by some criminal offense. The government does not have to prove that the defendant knew the precise nature of that criminal offense, or knew the property involved in the transaction represented the proceeds of mail or wire fraud.

Although the government must prove that, of the property at issue, more than $10,000 was criminally derived, the government does not have to prove that all the property at issue was criminally derived.

---

[52] Ninth Circuit Model Criminal Jury Instruction 18.7 (2022) (modified to the case and to reflect the type of money laundering alleged in Count 30, but not charged as a substantive offense)

**Government's Proposed Jury Instructions**                                    **Page 63**

**Government's Proposed Instruction No. 52: Aiding and Abetting (18 U.S.C. § 2(a))[53]**

Defendant Robert J. Jesenik is charged in Count 31 with aiding and abetting the making of a false statement on a loan application, in violation of Sections 2 and 1014 of Title 18 of the United States Code.  A defendant may be found guilty of making a false statement on a loan application, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission.  To "aid and abet" means intentionally to help someone else commit a crime.  To prove a defendant guilty of making a false statement on a loan application by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

First, someone else committed making a false statement on a loan application;

Second, the defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of making a false statement on a loan application;

Third, the defendant acted with the intent to facilitate making a false statement on a loan application; and

Fourth, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person or was present at the scene of the crime.  The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit making a false statement on a loan application.

---

[53] Ninth Circuit Model Criminal Jury Instruction 4.1 (2022) (modified to case)

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw from the crime.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

**Government's Proposed Instruction No. 53: False Statement to a Bank or Other Federally Insured Institution (18 U.S.C. § 1014)[54]**

To prove that someone committed making a false statement on a loan application in violation of Section 1014 of Title 18 of the United States Code, the government must prove each of the following elements beyond a reasonable doubt:

First, someone made a false statement to federally insured bank;

Second, that person made the false statement to the bank knowing it was false; and

Third, that person did so for the purpose of influencing in any way the action of the bank.

It is not necessary, however, to prove that the bank involved was, in fact, influenced or misled, or that the bank was exposed to a risk of loss.  What must be proved is that the defendant intended to influence bank by the false statement.

---

[54] Ninth Circuit Model Criminal Jury Instruction 24.11 (2022) (modified to case)