NATALIE K. WIGHT, OSB #035576
United States Attorney
District of Oregon
**RYAN W. BOUNDS, OSB #000129**
Ryan.Bounds@usdoj.gov
**CHRISTOPHER L. CARDANI, MAB #550609**
Christopher.Cardani@usdoj.gov
**SIDDHARTH DADHICH, TSB #24096310**
Siddharth.Dadhich@usdoj.gov
**HANNAH HORSLEY, CASB #220436**
Hannah.Horsley@usdoj.gov
Assistant United States Attorneys
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:20-cr-00228-SI-01 |
| v. | **GOVERNMENT'S RESPONSE TO DEFENDANTS' OBJECTIONS TO FINAL JURY INSTRUCTIONS** |
| **ROBERT J. JESENIK, ANDREW N. MacRITCHIE, and BRIAN K. RICE,** | **[ECF NOS. 615, 616 and 617]** |
| Defendant. | |

      The government submits this consolidated response to each of the Defendant's objections to the Court's Final Jury Instructions. (ECF Nos. 615, 616, 617.) The government opposes all of the defendants' proposed modifications for the reasons previously set forth on the record during oral argument on May 5, 2023 and in the Government's Proposed Jury Instructions (ECF No.

Government's Response to Defendants' Objections to
the Court's Final Jury Instructions                                                                                                                        Page 1

408), Government's Response to Defendants Jesenik and MacRitchie's Proposed Jury Instructions (ECF No. 433), Government's Trial Brief (ECF No. 407), the Court's Order on Motions *in Limine* (ECF No. 404), and the Government's Motion *in Limine* and related responses and replies (ECF Nos. 325, 347, 350, 382).

In addition, the government continues to oppose an advice of counsel or accountant instruction because the instruction is not supported by evidence adduced at trial. "An advice-of-counsel instruction *requires that the defendant show* that he made a full disclosure of all material facts to his attorney and that he then relied 'in good faith on the specific course of conduct recommended by the attorney.'" *United States v. Bush*, 626 F.3d 527, 539 (9th Cir. 2010) (emphasis added).

At trial, defendants adduced *no* evidence that they relied on counsel (or accountants), fully apprised of all material facts, for any specific course of conduct for which they are charged. There was no evidence that any lawyer (or accountant) reviewed or approved any marketing pitches defendants made in any context. There was no evidence that lawyers (or accountants) reviewed any marketing materials (before Bob Holmen revised some in the fall of 2015), and Mr. Holmen testified he had only an evolving understanding of the flow of funds and uses of proceeds before he (unsuccessfully) advised defendants to cease fundraising at ACF starting in October 2015. All of the other lawyers testified that they lacked material information: Mr. Craig testified he did not know what investors were told or how investment proceeds were used; Mr. Norris, who assisted in structuring the Lux Bond and advised on the permissibility of loaning proceeds thereof from AIO to ACF, specified that the loans could be made as "arms-length demand" loans and testified that he would not have given the same advice if he had

known of the financial situation at ACF. Mr. Norris also testified that he was not aware of what Lux investors were told. Finally, Mr. Ruttum testified that his firm resigned as securities counsel to Aequitas because he "had been lied to and [his] law firm had been lied to for some time by Aequitas executives"—specifically in relation to the uses of investor funds. As to accountants, there is no evidence that any accountant gave any recommendation on any "specific course of conduct" at issue in this case. *Bush,* 626 F.3d at 539.

A reliance-on-counsel/accountant instruction would be misplaced in this context. In any event, the Ninth Circuit has confirmed that a "broader good-faith instruction . . . subsumes [the] proposed instruction." *Id.* at 540.

The government also opposes any additional modifications to Instruction Nos. 17-24, which are accurate and allow the defendants to argue their defense theories to the jury. There is a substantial difference between arguing "We told them everything" and "They missed or disregarded the information we gave them." The first is relevant and permissible; the second is not. The government urges the Court to retain its final version of the materiality instruction (No. 19), which accurately states the law and is tailored to the evidence adduced at trial. *United States v. Lindsey*, 850 F.3d 1009, 1015 (9th Cir. 2017). The element of materiality is evaluated under an objective test, in which the jury must examine "the intrinsic capabilities of the false statement itself, rather than the possibility of the actual attainment of its end." *United States v. Peterson*, 538 F.3d 1064, 1072 (9th Cir. 2008). "[T]he government does not have to prove actual reliance upon the defendant's misrepresentations" to satisfy materiality. *Neder v. United States*, 527 U.S. 1, 25 (the common-law fraud elements of "justifiable reliance" and "damages" have no place in the federal fraud statutes).

Moreover, investor negligence does not rebut *any* element of wire fraud – whether materiality or intent. *See United States v. Ellison*, 704 F. App'x 616, 620 (9th Cir. 2017) (affirming a jury instruction in a fraud case that it was not a defense "that investors may have been gullible, careless, naive, or negligent" is correctly stating the law under *Lindsey*).

A strong instruction is necessary where the defense repeatedly solicited victim-blaming testimony. The government points to Mr. MacRitchie's counsel's cross-examination of Mr. Trowbridge, where counsel asked, after repeated sustained objections, whether in Mr. Trowbridge's capacity as a businessman, he would not enter into a million dollar contract based on someone's word alone. Counsel's accusatory questioning of Mr. Trowbridge and other witnesses was the exact type of victim-blaming testimony that *Lindsey* prohibits. *Lindsey* makes clear that defendants could have introduced evidence on general practices of RIAs or investors in relation to PPMs or tearsheets—Defendants did not. Defendants are free to argue that by offering the PPM and other documents, they had no intent to defraud. But victim-blaming is inadmissible as evidence and improper grounds for argument.

Analogously, Defendants should not be permitted to argue that, due to continued investments or a defendant's receipt of a PPM, they lacked the requisite intent to defraud. This sort of argument is an attempt to "shift blame onto the victims of [the] alleged scheme in violation of Lindsey." *See USA v. Schena*, No. 5:20-CR-00425-EJD-1, 2022 WL 2910185, at *5 (N.D. Cal. July 23, 2022) (defendant could not show a lack of intent in an insurance fraud scheme based on the fact that insurers reviewed and approved claims). A victim's failure to discover a fraudulent scheme is not a defense to fraud. *See id.* (referencing *Lindsey*).

/ / /

**Government's Response to Defendant's Objections to
the Court's Final Jury Instructions**                                                                                              Page 4

The defendants' objections are preserved and the government opposes further substantive changes to the Final Jury Instructions.

Dated: May 7, 2023

Respectfully submitted,

NATALIE K. WIGHT
United States Attorney

/s/ *Ryan W. Bounds*

RYAN W. BOUNDS, OSB #000129
CHRISTOPHER L. CARDANI, MAB #550609
SIDDHARTH DADHICH, TSB #24096310
HANNAH HORSLEY, CASB #220436
Assistant United States Attorneys